# HUDSON OIL & SUPPLY COMPANY *v.* BOORAEM, RECEIVER, ETC.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR DISTRICT OF NEW JERSEY.

No. 568.  Ordered advanced and submitted February 28, 1910.—Decided February 28, 1910.

An appeal taken solely on the question of jurisdiction from a final decree of the Admiralty Court, allowing the expenses and claims of a receiver in bankruptcy to be first paid from the proceeds of the vessel against which proceedings were taken *in rem*, and which was

in custody of the receiver prior to the filing of the libel, affirmed without opinion.

THE following statement of facts appears in brief of appellant:

This is an appeal from a final decree in admiralty made by the District Court of the United States for the District of New Jersey.

The appeal is solely upon the question of the jurisdiction of the said District Court to render the decree.

The action in the District Court was a suit in admiralty *in rem* by the above named appellant, the Hudson Oil & Supply Company, as libelant, against the barge, *James Hughes,* her tackle, etc., for supplies furnished the said barge.

Under the libel process against the said barge, her tackle, etc., was duly issued to the marshal of the District of New Jersey; the barge was duly attached and notice given by the marshal to all persons claiming the same and the usual interlocutory decree *pro confesso,* of default, condemnation and sale with an order of reference to a commissioner to report the amount due the libelant was made and entered. The vessel was duly sold pursuant to said interlocutory decree and an order was thereupon made confirming the sale.

A number of libels having been filed by other parties against the said barge between the time of the filing of the appellant's libel and the sale of the barge, the various libelants stipulated between themselves that a reference to ascertain the respective amounts due be waived and a final decree be entered decreeing to each libelant the amount of his claim in full. It was subsequently stipulated by the proctors for the respective libelants that the commissioner report to the court the amount of the claims of all the libelants.

A final decree and order of distribution was made and entered.

This decree recites that it appeared that prior to the date of the filing of the libels the vessel was in the custody of the

court in bankruptcy, and that said court had incurred expenses for its receiver in bankruptcy and for his counsel and for other purposes in the matter of caring for and preserving said vessel.

It therefore decrees that out of the proceeds of the sale of the barge, *James Hughes*, there be first paid to Theodore B. Booraem, receiver of James Hughes, Sr., bankrupt, forty-two per cent of the net proceeds of sale for his expenses, disbursements and allowances as said receiver.

It further recites that the net proceeds of sale are insufficient to pay the receiver and the various libelants in full, and it directs the payment of the full proportionate amount of the receiver's claim, and afterwards that the balance be distributed *pro rata* among the libelants.

This decree was framed by the district judge himself.

Thereupon the appellant prayed for leave to appeal to this court, which was granted.

The appellant thereafter perfected its appeal and filed its assignment of errors.

The appellee, the receiver and trustee in bankruptcy, never appeared in the action in the District Court, never filed or presented any claim, pleading or petition. The only pleading in the case is the libel of the appellant. The decree in favor of the libelant, was, as before stated, taken by default, no one appearing, other than the libelant.

*Mr. deLagnel Berier* for the appellant.

*Mr. George S. Silzer* and *Mr. Robert Adrain* for the appellee.

*Per Curiam.*    Decree affirmed with costs.